IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CYNTHIA F. TOLBERT                                             PLAINTIFF

VERSUS                             CIVIL ACTION NO. 2:05cv62KS-JMR

CONNECTICUT GENERAL LIFE INSURANCE             DEFENDANT

<u>MEMORANDUM OPINION</u>

This matter comes before the Court, *sua sponte*, regarding failure of the Plaintiffs to prosecute this matter and respond the to Court's Order. On January 5,2006, after reviewing the Plaintiffs' counsel motion and the accompanying letter of the Plaintiffs indicating their desire to terminate counsel, the Court issued an Order. The Order granted Plaintiffs' Counsel's Motion to Withdraw and required Plaintiffs inform the Court on or prior to February 5,2006, <u>in writing</u>, of their selection of new counsel or that they intended to proceed *pro se* with the prosecution of this action and that their failure to comply with the Order may result in dismissal of this cause. The January 5,2006 Order was sent via certified mail. Plaintiffs have never contacted the Court in compliance with the January 5,2006 Order.

                 Rule 41(b) of the Federal Rules of Civil Procedure, provides, *inter alia* , "for failure of the plaintiff to prosecute or to comply with these Rules or any order of the court, defendant may move for dismissal of an action or any claim against her." Even though the Rule speaks in terms of dismissal on motion of a defendant, it is well settled that the court has the inherent authority to dismiss *sua sponte* for want of prosecution. *Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Lopez v. Arkansas County Independent School District*, 570 F.2d 541, 544 (5th.1978). Not only may a district court dismiss for lack of prosecution, but it may dismiss an action upon its own motion whenever necessary to "achieve the orderly and expeditious disposition of cases". *Colle v. Brazos*,

981 F.2d 237,242 (5th Cir. 1993)

A dismissal for failure to prosecute is an inherent power of a court, to be exercised in the discretion of the district court. *Ford v. Sharp*, 758 F.2d 1018 (5th Cir. 1985); *Rogers v. Kroger, Co.* 669 F.2d 317 (5th Cir. 1982). A dismissal for want of prosecution on the part of the plaintiff is only sanctioned when there is clear evidence of delay or display of contumacy on the part of the Plaintiff. *Dorsey v. Scott Wertzel Serv. Inc.*, 84 F.3d 170,171 (5th Cir. 1996).

Based on the foregoing, this Court is of the opinion that Plaintiffs have failed in their obligation to respond in accordance with the Court's Order and that this failure is indicative of a lack of interest in pursuing this cause and delays the expeditious resolution of other civil cases. Accordingly, this Court finds that this case be dismissed without prejudice for the Plaintiffs failure to prosecute and failure to comply with 41(b) of the Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED on this the 22nd day of February, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE